## P. P. J. MARTIN et al. *v.* P. C. BLANCHIN and ANTOINE GIRAUD.

It is not in the authority of a court to appoint *ex parte* a Receiver of assets belonging to a partnership.
   A writ of sequestration, or a rule upon the defendants to concur in the appointment of a Receiver by the parties, would be the proper remedies.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Wolfe, Singleton & Clack*, for plaintiffs.   *C. Roselius*, for defendants.   *J. L. Tissot*, for Receiver.

BUCHANAN, J.   The three plaintiffs and the two defendants formed a partnership in January 1558, *for three years*, in the business of manufacturing and selling cotton seed oil, under the social style of Bienville Cotton Seed Oil Factory.   One of the plaintiffs, *Martin*, had the charge of the manufactory ; and the two defendants kept the books, and administered the financial department of the concern, with the exclusive right to use the social name, and to purchase and sell.

In April 1860, plaintiffs instituted this action, alleging maladministration of defendants, causing damage to plaintiffs.   They pray that the partnership be

MARTIN
v.
BLANCHIN.

dissolved, that a Receiver be appointed to liquidate its affairs, pay its obligations, and make partition of the surplus after the discharge of its liabilities. An affidavit of the truth of these allegations was filed with the petition ; but no bond was given.

The District Judge, on the petition being filed, made an ex parte order, appointing *Stanislas Plassan*, Receiver of the partnership, on his giving bond with security in the sum of $70,000.

Defendants took a rule to set aside this order, as illegal, and as granted upon false allegations.

On the hearing of the rule, defendants offered witnesses to prove that the allegations of the petition were false ; which testimony being rejected, a bill of exceptions was reserved.

The rule was dismissed, and defendants appeal. The first point for decision, is the legality of the ex parte order for the appointment of a Receiver.

That order directs that the Receiver named, have custody and possession of all the property, rights, credits and effects belonging to the partnership existing between the plaintiffs and defendants, and of all the partnership books of account, documents, vouchers and other papers, belonging thereto. It was further ordered that an inventory of the property of the partnership be made by a Notary Public, and returned into court.

It is argued by the counsel of appellants that this proceeding, for the appointment of a Receiver, is in substance a judicial sequestration, and should be governed by the rules of law contained in the Civil Code and Code of Practice in relation to sequestration. C. P. 275 ; C. C. 2948 et seq.

We have already mentioned that by the articles of partnership, the defendants *Blanchin & Giraud* were appointed administrators of the partnership, and keepers of its books. The powers thus vested in them, could not, it would seem, be taken away from them, by an *ex parte* proceeding.

In the case of *Frazier* v. *Wilcox*, 4th Robinson 517, the authority of a court of Louisiana, to appoint a receiver of assets belonging to several parties before the court, upon a consent of all the parties interested, was recognized by the Supreme Court. But the court, on that occasion, guarded their doctrine, as follows : (page 525.) " We are not to be understood as giving our sanction to an opinion sometimes expressed, that the Judges of the inferior courts, without the assent of the parties to a suit, or with the consent of only one of them, can exercise the powers of a chancellor, and appoint of their own accord, Receivers for the purpose of collecting and keeping the funds attached, or that may be the subject of litigation."

The doctrine, with the same qualification, was reiterated by the court in the case of *The United States* v. *The United States Bank*, 11 Rob. 418.

According to the law and the adjudged cases before us, there were two courses open to the plaintiffs, for the provisional assurance of their interests pending this litigation ; the one, to have sued out a writ of sequestration, which would have necessitated the giving of a bond ; the other, to have taken a rule upon the defendants to concur in the appointment of a Receiver by the parties.

Another question is presented by the bill of exceptions to the rejection of testimony offered on behalf of defendants ; but it is unnecessary to decide this question, in view of the opinion expressed by us upon the first ground of defendants' rule.

It is, therefore, adjudged and decreed, that the judgment of the District Court

be reversed ; that the rule taken by counsel of defendants, on the 8th May 1860, to set aside the appointment of a Receiver, be made absolute; that the costs of said rule, and of this appeal, be paid by plaintiffs and appellees ; and that this cause be remanded for further proceedings, according to law.

---

## SAME CASE.—ON AN APPLICATION FOR A RE-HEARING.

BUCHANAN, J. Plaintiffs ask for a re-hearing, upon the authority of three decisions, not cited in argument before judgment.

It is contended by counsel that our decision is inconsistent with two cases de-cided by our predecessors, *Brown* v. *Union Insurance Company*, 3 An. 177, and *Starke* v. *Burke, Watt & Co.*, 5 An. 740 ; also with the case of *Pratt* v. *McHatton*, 11th An. 260, decided by the present Bench.

*Brown* v. *The Union Insurance Company* and *Starke* v. *Burke, Watt & Co.* were cases of insolvent corporations, and the appointments were made by the court, *ex necessitate,* in the absence of parties able to appoint a liquidator or Receiver.

In *Pratt* v. *McHatton,* no objection seems to have been made to the appoint-ment of a Receiver, until the case was in the Supreme Court on appeal, and the objects of the appointment had been accomplished by the sale of the assets of the partnership.

These cases are manifestly inapplicable to the present issue.

Re-hearing refused.